Walker v. Suffolk County Police Dep't

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand thirteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges.*

_____

THOMAS WALKER, IV,

                     *Plaintiff-Appellee*,

              -v-                                          12-847

SUFFOLK COUNTY POLICE DEPARTMENT, STEPHEN JACOBS, RICHARD PALAZZOLO,

                     *Defendants-Appellants*.

UNITED STATES MARSHALS SERVICES, WATERBURY POLICE DEPARTMENT, 7TH PRECINCT, 6TH PRECINCT, SUFFOLK COUNTY POLICE DEPARTMENT MASTIC/SELDEN, NEW YORK,

                     *Defendants*.

_____

Appearing for Appellants:     ARLENE S. ZWILLING, Assistant County Attorney, *for* Dennis M. Cohen, Suffolk County Attorney, Hauppauge, NY.

Appearing for Appellee:     CHRISTOPHER D. BELELIEU (Stuart W. Gold, Jacob M. Honigman, *on the brief*) Cravath, Swaine & Moore LLP, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED** in part and **DISMISSED** in part.

Defendants-Appellants ("Defendants") appeal from the district court's February 3, 2012 denial of summary judgment on qualified immunity grounds in a suit by Plaintiff-Appellee ("Plaintiff") asserting a claim under 42 U.S.C. § 1983 for an unconstitutional denial of medical care. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Russo v. City of Bridgeport*, 479 F.3d 196, 211 (2d Cir. 2007) (internal quotation marks omitted). "Orders denying summary judgment are generally not immediately appealable 'final decisions' under 28 U.S.C. § 1291." *Bolmer v. Oliveira*, 594 F.3d 134, 140 (2d Cir. 2010). "Pursuant to the collateral order doctrine, however, we have jurisdiction over interlocutory appeals of orders denying claims of qualified immunity[.]" *Id.* "[T]o avoid running afoul of the collateral order doctrine's requirement that a reviewable order involve a claim of right separable from, and collateral to, rights asserted in the action, we may review immunity denials only to the narrow extent they turn on questions of law." *Id.* (internal brackets and quotation marks omitted). On appeal, we look to "stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find." *Salim v. Proulx*, 93 F.3d 86, 90 (2d Cir. 1996).

Defendants make two arguments on appeal: First, they argue that Plaintiff did not have a "serious medical condition" and that, therefore, they did not unconstitutionally deny Plaintiff medical care. *See Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (discussing requirements for a plaintiff's unconstitutional denial of medical care claim). Alternately, Defendants claim that their actions were objectively reasonable, because Plaintiff was not in their custody and there is not a clearly established right to medical care from non-custodial officials. The district court found that there were disputed issues of fact relating to (1) whether Plaintiff had a "serious medical need" and (2) whether Plaintiff was in Defendants' custody. These factual issues are material. *See Bolmer*, 594 F.3d at 140-41. As Defendants' claim of qualified immunity turns not on questions of law but on questions of fact, we lack jurisdiction to hear this appeal. "[W]here the district court denied immunity on summary judgment because genuine issues of material fact remained, we have jurisdiction to determine whether the issue is *material*, but not whether it is *genuine*." *Bolmer*, 594 F.3d at 140-41.

We have considered all of the remaining arguments of the Suffolk County Police Department, Jacobs, and Palazzolo and find them without merit. Accordingly, the order of the district court is AFFIRMED in part and DISMISSED in part for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk